RICHARDS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-036-CR

JOSEPH FRANK RICHARDS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

A jury convicted Appellant Joseph Frank Richards of sexually assaulting his daughter, S.R., and assessed punishment at twenty years’ confinement.  In a single point, Appellant argues that the trial court erred by excluding as hearsay certain drawings and writings made by S.R.  We affirm.

Factual and Procedural Background

Because Appellant does not challenge the sufficiency of the evidence, we will limit our review of the evidence to that necessary to put Appellant’s sole point in context.

S.R., who was eighteen years old at the time of trial, accused Appellant of sexually assaulting her when she was eleven or twelve years old.  At trial, Appellant advanced the theory that S.R. fabricated the accusation because she hated Appellant.  S.R. admitted on cross examination that she wished Appellant was dead and wrote in a letter to a friend, “I’d like to have [Appellant] killed.”  S.R.’s mother testified that S.R. practiced witchcraft and devil worship. 

To support his defensive theory, Appellant offered an exhibit comprising six pages of S.R.’s handwriting and drawings.  The marginally coherent writings appear to be poetry, a paraphrased song lyric, and a satanic incantation requesting the death of an unnamed male.  The crude drawings depict what appears to be a female figure (1) hanging from a gallows over the caption, “You’re mine now!,” (2) holding a dripping knife over the caption, “You’re happy now!,” (3) with eyes shut, hands on hips, and legs crossed above the caption, “Don’t say nothing!” [sic], and (4) being struck by lightning over the caption, “You didn’t see anything!”  Neither the writings nor the drawings refer directly to Appellant.

The State objected to the exhibit as hearsay, and the trial court sustained the objection.  This ruling forms the basis of Appellant’s complaint on appeal.  Appellant argues that the trial court erred by excluding the exhibit because it was admissible as a statement of S.R.’s then existing state of mind.

Preservation of Error

Before we turn to the merits of Appellant’s point, we will consider the State’s argument that Appellant failed to preserve error.  
To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

To understand the State’s preservation argument, we must examine the context of Appellant’s offer, the State’s objection, and the trial court’s ruling.  Appellant first attempted to offer the exhibit 
through Daniel Hartt, a counselor and therapist who counseled S.R.’s mother.  Hartt testified that S.R.’s mother gave the papers in the exhibit to him and told him that they belonged to S.R. The State objected to the exhibit as hearsay, and the trial court sustained the objection.  Appellant then argued that the exhibit was “admissible as medical treatment,” elicited from Hartt testimony that S.R.’s mother gave him the papers in the course of her treatment, and urged that the exhibit was “admissible under Rule 803-4.”  The trial court replied, “The problem that I have with them is that they’re unauthenticated.” 

Appellant later attempted to offer the exhibit through S.R.’s mother.  Her mother testified that she recognized S.R.’s handwriting on the papers and that she had given them to Hartt.  The following colloquy then occurred:

[DEFENSE COUNSEL]: Offer it into evidence.

[PROSECUTOR]: We would object.  This is still hearsay.  Defense is trying to use the argument that this is for the purpose of medical diagnosis and treatment.  It wasn’t for medical diagnosis and treatment.  These aren’t even statements she made for the purpose of medical diagnosis and treatment.  And the person she spoke with was a counselor, so we would object.

THE COURT: The question is whether or not this is hearsay.  Why is it being offered? 

[DEFENSE COUNSEL]: It’s being offered because it’s relevant to this case. And I can elaborate more on that if you want.  It’s relevant because 
it shows the state of mind of [S.R.]
.

THE COURT: Well, she admitted the things that are stated in the document.  Under Rule 613, if she admits it, then extrinsic evidence is not admissible.

[DEFENSE COUNSEL]: Well, I understand that, Judge, but it’s not being offered as an inconsistent statement.  It’s being offered simply as an element of treatment in the same way that a medical report would be offered in a sexual abuse case of a child to a doctor.

THE COURT: Objection sustained.  [Emphasis added.]

The State argues that Appellant offered the exhibit under rule of evidence 803(4) as a statement for medical diagnosis or treatment and not under rule 803(3) as a statement reflecting the declarant’s state of mind.  
See 
Tex. R. Evid.
 803(3)-(4).  Therefore, argues the State, Appellant failed to preserve his complaint that the statement was admissible under rule 803(3).

We disagree with the State’s interpretation of the record and its preservation analysis.  While Appellant originally offered the exhibit as a statement for medical diagnosis or treatment, he specifically argued to the trial court that it was admissible to show S.R.’s state of mind.  The specific ground for the ruling desired by Appellant—admission of the exhibit—is apparent from  
both the context of his offer and his argument to the trial court.  
See
 
Tex. R. App. P.
 33.1(a)(1).  We hold that Appellant preserved for review his complaint that the exhibit was admissible under rule 803(3).

Admissibility

We turn now to the question of whether the trial court erred by excluding the exhibit.  
We review a trial court’s ruling to admit or exclude evidence under an abuse of discretion standard.  
Weatherred v. State
, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); 
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g).  If the court’s decision falls outside the “zone of reasonable disagreement,” it has abused its discretion.  
Weatherred
, 15 S.W.3d at 542; 
Montgomery
, 810 S.W.2d at 391.  Whether an out-of-court statement falls under an exception to the hearsay rule is within the trial court’s discretion.  
Coffin v. State
, 885 S.W.2d 140, 149 (Tex. Crim. App. 1994).  Great latitude should be allowed the accused in showing any fact that would tend to establish ill feeling, bias, motive, and animus on the part of any witness testifying against him.  
Felan v. State,
 44 S.W.3d 249, 254 (Tex. App.—Fort Worth 2001, pet. ref’d).  However, the trial court has considerable discretion in determining how and when bias may be proved and what collateral evidence is material for that purpose.  
Id.

Appellant argues that the trial court abused its considerable discretion when it sustained the State’s hearsay objection because the exhibit was admissible under rule 803(3)’s state-of-mind hearsay exception.  We disagree.

Rule 803(3) provides that an out-of-court statement is not excluded by the hearsay rule if it is

[a] statement of the declarant’s then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant’s will.

Tex. R. Evid.
 803(3).  The writings in question arguably show that S.R. fantasized about the death and damnation of an unnamed male person; the inference arising from the drawings, if any, is more obscure.  Whether the writings and drawings are a statement of S.R.’s state of mind, emotion, or mental feeling at the time she made them is a question over which reasonable minds could disagree—in other words, a question within the zone of reasonable disagreement where the trial court’s discretion must prevail.

As authority for his argument, Appellant relies exclusively on 
Lape v. State
, 893 S.W.2d 949 (Tex. App.—Houston [14th Dist.] 1994, pet. ref’d).  
Lape 
is distinguishable from our case.  Lape was accused of sexually assaulting his stepdaughter.  His defensive theory was that his estranged wife fabricated the accusation so that she could obtain custody their son.  
Id.
 at 952.  Lape offered, but the trial court excluded, the testimony of several witnesses that his estranged wife threatened to do whatever she had to do to get custody of the son.  
Id.
 at 960.  The court of appeals reversed Lape’s conviction, holding that the trial court abused its discretion by disallowing the testimony because the statements clearly showed the wife’s mental and emotional state over the custody battle and her motive and intent to lie about Lape.  
Id.
 at 960-61.  By contrast, S.R.’s writings and drawings in this case are far more ambiguous in meaning, do not refer overtly to Appellant, and do not clearly show S.R.’s mental and emotional state with regard to Appellant or her motive and intent to lie about him.  This distinction is enough to make the trial court’s decision to exclude the evidence in our a case an appropriate exercise of discretion, rather than an abuse of discretion as in 
Lape.
    

Under the circumstances, we cannot say that the trial court abused its discretion by rejecting Appellant’s rule 803(3) argument and sustaining the State’s hearsay objection.  We overrule Appellant’s sole point.  We save for another day the State’s argument that the satanic invocation was properly excluded as an attempt to challenge S.R.’s credibility by way of her “religious beliefs” under rule 610.  
See
 
Tex. R. Evid.
 610.

Conclusion

Having overruled Appellant’s sole point, we affirm the judgment of the trial court.  
See
 
Tex. R. App. P.
 43.2(a).

ANNE GARDNER

JUSTICE

PANEL B: HOLMAN, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 3, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.